HALE *v.* COLE.

1. APPEAL AND ERROR—DIRECTED VERDICT.
    In determining, upon review, whether defendant's motion for a directed verdict should have been granted, the testimony and the legitimate inferences to be drawn from the established facts most favorable to plaintiff must be accepted.

2. LANDLORD AND TENANT—NEGLIGENCE—FIRES—TRIAL—QUESTION FOR JURY.
    In an action by the lessors against thei lessee of an oil station for its negligent burning, the question as to whether the attendant in charge of the station at the time it was burned was defendant's agent or his tenant was properly submitted to the jury, under contradictory evidence.

3. MASTER AND SERVANT—SCOPE OF EMPLOYMENT—LIABILITY OF EMPLOYER.
    The heating of oil by an attendant at a filling station where it was kept for sale, so that it would flow more easily on a cold morning, may not be said, as matter of law, to be so outside the scope of his employment, if he were an employee, as to relieve his employer from liability for negligence in connection therewith which resulted in the burning of the station.

4. EVIDENCE—ADMISSIBILITY OF OFFICIAL REPORTS—STATUTES.
    Generally, in the absence of a statute, the report of an officer not made on his personal knowledge is not admissible as substantive evidence of the facts reported.

5. SAME—REPORT OF FIRE NOT MADE ON PERSONAL KNOWLEDGE NOT ADMISSIBLE—STATUTES.
    The report of a fire to the State fire marshal, made by the chief of the fire department pursuant to 2 Comp. Laws 1915, § 9108, as amended by Act No. 168, Pub. Acts 1919, from information obtained partly by personal investigation and partly furnished by his master mechanic, was inadmissible in evidence in its entirety and was properly limited to its record of the hour the call came and the

---

[1]Appeal and Error, 4 C. J. § 2709; [2]Landlord and Tenant, 35 C. J. § 561 (Anno); [3]Master and Servant, 39 C. J. § 1593; [4]Evidence, 22 C. J. § 914; [5]Id., 22 C. J. § 914.

time the apparatus returned to the fire station, in the absence of any statute rendering it admissible.

6. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.

   The Supreme Court may not reverse a case on the ground that the verdict is against the weight of the evidence unless a finding that it is against the clear weight, the overwhelming weight, of the evidence is justified; that it would not reach the same result as the jury not being the test.

Error to Oakland; Covert (Frank L.), J.   Submitted January 3, 1928.   (Docket No. 4.)   Decided February 14, 1928.

Case by Clyde C. Hale and another against Lewis H. Cole for the negligent burning of plaintiffs' building.   Judgment for plaintiffs.   Defendant brings error.   Affirmed.

*Doty & Cram,* for appellant.

*A. Floyd Blakeslee,* for appellees.

FELLOWS, J.   Plaintiffs leased to defendant a filling station located in Pontiac.   During the term of the lease it was destroyed by fire.   Plaintiffs, claiming that the fire was caused by the negligence of one Parker, who they claim was defendant's agent in the operation of the station, bring this action to recover the damages occasioned by the fire.   Defendant denies that the fire was caused by the negligence of Parker, and also denies that Parker was his agent, insisting that he had leased the premises to Parker and that he, Parker, was operating the station for himself and paying rent therefor to defendant.   Parker was admittedly running the station either for himself or defendant.   The morning of the fire was very cold. Plaintiffs called a witness named Leach, who, upon

---

[6]Appeal and Error, 4 C. J. § 2838.

the face of the record, was disinterested, and who testified that on the morning in question he entered the station and found a can of oil on a red hot stove, that he called to Parker, who was outside, and who came in and in attempting to remove the oil, which was afire, spilled it on the floor, thus causing the fire. Parker and a witness who was, on the face of the record, disinterested testified that no such occurrence took place, and that Leach was not present at all. There was testimony corroborative of both claims. Defendant also introduced evidence tending to, show that the fire was caused by defective wiring and, defendant alleged negligence of plaintiffs in wiring the building and sought to recover for such damages as he suffered on occasion of the fire. Both claims were submitted to the jury who found for plaintiffs.

The main question in the case grows out of defendant's insistence that he was entitled to a directed verdict so far as plaintiffs' claim is concerned, on the ground that he had undisputably established that Parker was his tenant and not his agent. Upon his motion for a directed verdict the testimony and the legitimate inferences to be drawn from the established facts most favorable to plaintiff must be accepted. While it was defendant's testimony that Parker was his tenant and sold his goods on consignment, having the right to purchase some goods from others, it also appeared from his testimony, and that of witnesses called by him, that each morning a man was sent by him to check up the station, and that this man took from the cash register for him all cash above $25; that Parker worked six days of the week and that an employee of defendant ran the station the other day. It also appeared from defendant's proof that he ran several stations in Pontiac and that each was given a number and that this station had a number and was known as number four, and there is no testimony that the man who checked up the various stations

used any different method in checking up number four and in collecting the cash than he did in checking up the other numbers which admittedly were run by defendant or in collecting the cash therefrom. Defendant himself paid the rent to plaintiffs.

Whether the facts detailed and others which might be detailed were consistent with defendant's claim that Parker was but a tenant and was not his agent, presented a question for the jury and was properly submitted to them by the court. Nor do we think it may be said that the heating of oil so that it would flow more easily on a cold morning in a filling station where it was kept for sale, was as matter of law so far outside the scope of Parker's employment, if he was an employee, as to relieve defendant from liability for such act.

Several errors are assigned on the admission and rejection of testimony but one of which merits discussion. The chief of the fire department was called by defendant as a witness and produced the record of his office; it was the record from which he made up his report to the State fire marshal. He testified that he did not reach the fire until it was "pretty well out;" that the record was made up by a "partial personal investigation," and information furnished his master mechanic. It stated as the cause of the fire, "electric motor." It also contained statements as to the value of the property consumed and considerable additional detail. So far as it records the hour the call came and time the apparatus returned to the station, it was received, but in its entirety it was rejected. It is pointed out by defendant's counsel that under section 9108, 2 Comp. Laws 1915 (amended by Act No. 168, Pub. Acts 1919 [Comp. Laws Supp. 1922, § 9108]), the chief of the fire department is required to file his report of all fires with the State fire marshal and it is insisted upon the authority of *Harrington* v. *Accident Ass'n,* 232 Mich. 101, and *Hertzler* v. *Manshum,* 237

Mich. 289, that a certified copy of such report would be admissible. And it is urged that the original record from which such report is made is likewise admissible. But in both the cases cited we held that the certificates of death there involved were admissible per force of the statute making them *prima facie* evidence (2 Comp. Laws 1915, § 5607). Our attention is called to no like provision in the State fire marshal act and we have found none. As a general rule, in the absence of a statute, the report of an officer not made on his personal knowledge is not admissible as substantive evidence of the facts reported. *Sterling* v. *City of Detroit*, 134 Mich. 22; *Goosen* v. *Packard Motor Car Co.*, 174 Mich. 654. The trial judge did not err in declining to receive the exhibit in its entirety.

A motion was made for a new trial in which it was urged that the verdict was against the weight of the evidence. The trial judge in a carefully prepared opinion denied it. Both parties here urge many circumstances not detailed in this opinion which each insist corroborates his claim. The testimony was in direct conflict upon the material facts. The jury believed the plaintiffs and their witnesses and of necessity disbelieved defendant and his witnesses on the material questions. Whether we would reach the same result as did the jury is not the test. For this court to reverse on this ground requires us to find that the verdict is against the clear weight, the overwhelming weight of the evidence. This we can not find on this record.

The judgment will be affirmed.

NORTH, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.