LAWRENCE C. YOUNG, INC. *v.* SERVAIR, INC.

1. DAMAGES—NEGLIGENCE—DAMAGED AIRPLANE—INABILITY TO USE.
   Damage caused by inability of plaintiff to make use of his airplane negligently damaged by defendant's employee, is compensable.

2. DAMAGES—MEASURE—PURPOSE.
   Damages are awarded to compensate a plaintiff for damages incurred, not to provide him with a windfall.

3. DAMAGES — MEASURE — AIRPLANE — ACTUAL RENTAL — SUBSTITUTE PLANE.
   Plaintiff whose airplane was damaged by the negligence of defendant's employee was entitled to be compensated for the rental of a substitute airplane which it in fact rented but not for the days plaintiff was deprived of its own plane when no other plane was rented as a substitute.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 April 8, 1971, at Detroit. (Docket No. 10084.) Decided May 20, 1971. Leave to appeal denied, 385 Mich 776.

Complaint in Common Pleas Court of Detroit by Lawrence C. Young, Inc., against Servair, Inc., for negligently damaging an airplane. Judgment for plaintiff. Plaintiff appealed to circuit court on amount. Affirmed. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 152 *et seq.*
[2] 22 Am Jur 2d, Damages § 11 *et seq.*
[3] 22 Am Jur 2d, Damages § 155.

*Nelson, Gracey & Turner,* for plaintiff.

*Alexander, Buchanan & Conklin* (by *James S. Goulding*), for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and DANHOF, JJ.

DANHOF, J. Plaintiff is an owner of an airplane that was negligently damaged by an employee of the defendant. Because of this damage the plaintiff was deprived of the use of the plane for 75 days. The plaintiff then commenced this action in the Common Pleas Court of the City of Detroit. The court rendered a judgment in the amount of $831.50 apportioned as follows:

| | |
|---|---:|
| 1. Pro-rated annual insurance premium. | $128.50 |
| 2. Actual rental costs of a substitute airplane. | 142.50 |
| 3. Depreciation as a result of damage. | 350.00 |
| 4. Pro-rate of the annual cost of hangar rental. | 112.50 |
| 5. Costs. | 73.00 |
| 6. Attorney's fees. | 25.00 |
| Total: | $831.50 |

The plaintiff appealed to the Wayne County Circuit Court where the judgment was affirmed and it now appeals to this Court on leave granted.

The first question presented is whether damage caused by the inability of the plaintiff to make use of the airplane is compensable. We hold that it is. While we have found no Michigan case involving an airplane the Supreme Court has found compensable damage in a case involving an automobile, *Andries* v. *Everitt-Metzger-Flanders Co.* (1913), 177 Mich 110, and in a case involving a horse, *Miz-*

*ner* v. *Frazier* (1879), 40 Mich 592.   See also, Anno: Measure of Damages for Destruction of or Injury To Airplane, 73 ALR 2d 719; Anno: Recovery For Loss of Use of Motor Vehicle Damaged or Destroyed, 18 ALR 3d 494.

The second question presented involves the measure of damages.   Plaintiff contends that the measure of damages is the fair rental value of a replacement airplane, whether rented or not.

The purpose of awarding damages is to compensate for damages incurred, not to provide the plaintiff with a windfall.   Plaintiff has been compensated for rental of a substitute airplane which it in fact rented.   If plaintiff had rented a plane for the full 75 days, it would, under ordinary circumstances, be entitled to the fair rental value for 75 days, less an allowance for the cost plaintiff would have had if it had used its own plane.   Further, if the plaintiff had been unable to procure a substitute aircraft it would be entitled to damages upon proof thereof.   However, plaintiff has not presented proof of any loss beyond that for which it has already been compensated.

We have examined the many authorities cited by the plaintiff and we believe that the weight of authority supports our holding.   Anno: Measure of Damages for Destruction of or Injury to Airplane, 73 ALR 2d 719, Anno: Recovery for Loss of Use of Motor Vehicle Damaged or Destroyed, 18 ALR 3d 497.

Affirmed, costs to the defendant.

All concurred.