GILLILAND v BALDWIN-LIMA-HAMILTON CORPORATION

1. DAMAGES—MEASURE OF DAMAGES—ACTUAL RENTAL—SUBSTITUTE CHATTEL.

The use of rental value as a measure of damages for loss of use of a chattel is proper only when a substitute chattel is actually rented; thus, where plaintiff's machine was out of order and no substitute was obtained, the appropriate measure of damages was the loss of profits for the number of hours the machine was down, not the rental value of a substitute machine.

2. EVIDENCE—ADMISSIBILITY—HEARSAY—PRODUCTS LIABILITY.

Reports of state inspectors who relied for their information upon operators of plaintiff's gravel plant were not admissible for purposes of showing down time of plaintiff's gravel-crushing machine in an action against the manufacturer of the machine; such evidence was hearsay.

3. EVIDENCE—ADMISSIBILITY—HEARSAY—OFFICIAL RECORDS.

Information in reports by state inspectors, not based on personal knowledge of the reporters, as to hours of down time of a gravel plant was not within the official records exception to the hearsay rule where the information was not required in the official record by statute (MCLA 600.2107).

4. WITNESSES—EXPERT WITNESSES—FEES.

An award of expert witness fees to a plaintiff was proper even though the plaintiff did not prevail on all the counts in the complaint where both counts arose from a single cause of action and the plaintiff was the only party awarded damages and thus prevailed on the entire record (GCR 1963, 526.3).

5. WITNESSES—EXPERT WITNESSES—QUALIFICATIONS—DISCRETION.

Qualification of a witness as an expert witness is discretionary with the trial judge; such a decision will not be reversed unless there is a finding of abuse.

REFERENCES FOR POINTS IN HEADNOTES

[1] 22 Am Jur 2d, Damages § 155.
[2, 3] 29 Am Jur 2d, Evidence §§ 1, 249, 251–257.
[4, 5] 58 Am Jur, Witnesses §§ 880, 881.

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 February 12, 1974, at Lansing. (Docket No. 8396.) Decided April 26, 1974.

Complaint by William O. Gilliland against Baldwin-Lima-Hamilton Corporation for breach of express and implied warranty and negligent manufacture and design. Judgment for plaintiff. Defendant appeals. Affirmed in part, reversed in part, and remanded for hearing on the issue of damages.

*Isadore Isackson,* for plaintiff.

*Gillard & Gillard,* for defendant.

Before: J. H. GILLIS, P. J., and HOLBROOK and DENEWETH,* JJ.

DENEWETH, J. Plaintiff, purchaser of a gravel crushing plant, sued the defendant manufacturer[1] of the plant on theories of breach of express and implied warranty and negligent manufacture and design. The trial court, in a long and detailed opinion, found no breach of warranty and made no specific findings of negligence in manufacture or design of enumerated parts. However, the court made general findings of negligence, and its finding that "plaintiff should not be held liable for costs incurred in synchronizing and regulating a new machine product" implicitly constituted a holding that plaintiff's damage recovery was based on the general negligence theory which he pled.

This Court will not set aside a trial court's finding of fact unless that finding is clearly erroneous. *In Re Woods Estate,* 49 Mich App 412; 212

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] By consent of the parties, Straits Engineering Company was dropped from the lawsuit.

NW2d 240 (1973); GCR 1963, 517.1. Upon review-
ing the record, we do not find the trial court's
determination that the defendant's negligence
caused the plaintiff damages in synchronizing and
regulating his new machine to be clearly erro-
neous.

However, the trial court's determination of the
measure and, hence, the amount of damages was
clearly erroneous. The trial court specifically found
that the defendant's negligence caused the ma-
chine to be down for 229 hours and then deter-
mined the amount of plaintiff's damage by apply-
ing a rental rate of $84.24 per hour, determining
plaintiff's total damages in the amount of
$19,290.96.

Michigan Courts have held that the use of
rental value is proper only when a substitute
chattel is actually rented. *Young, Inc v Servair,
Inc,* 33 Mich App 643; 190 NW2d 316 (1971). Since
no substitute plant was rented in the instant case,
it was improper to use rental value. An appropri-
ate measure of damages would have been the
computation of lost profits due to the number of
hours the machine was down. See generally Calla-
ghan's Michigan Pleading & Practice, § 36.319.

The trial court's determination of 229 hours of
down time is also clearly erroneous because it was
based on inadmissible hearsay.

It appears that the State of Michigan had a
contract with the plaintiff and state inspectors
were on hand at the pits to fill out daily reports on
production. The reports would indicate the number
of hours the plant was down and the reasons for
the stoppage. Generally the state inspectors would
have no personal knowledge of the shutdowns or
the reason for them but would be informed of
these facts by one of the gravel plant operators.

Thus the notations in the reports, which were relied on by the trial judge and upon which he based his finding of 229 hours of down time, were often based on hearsay evidence.

Defendant's expert, Robert Scott, testified at length using the state reports. Scott would review the reasons given for the down time on the reports and then give his opinion as to whether the loss of production was due to a malfunction of the machinery. This is hearsay upon hearsay. Even the trial judge conceded that the evidence was hearsay but he admitted the evidence apparently under the official records exception to the hearsay rule. Michigan does recognize the official records exception to the hearsay rule. See MCLA 600.2107; MSA 27A.2107. However, since the information as to hours of down time was not required in an official record by statute, and since the information was not based upon the personal knowledge of the reporter and was offered as evidence of facts reported, it was subject to the hearsay rule and did not fall within the official records exception. *Hale v Cole*, 241 Mich 624; 217 NW 898 (1928); *Derrick v Blazers*, 355 Mich 176; 93 NW2d 909 (1959).

The defendant's contention that expert witness fees were improperly awarded is without merit. Although GCR 1963, 526.1, provides that costs shall be allowed to the prevailing party, the fact that plaintiff did not prevail on all his counts does not preclude award of expert witness costs. GCR 1963, 526.3, provides that where there is only a single cause of action, the party who prevails on the entire record shall be deemed the prevailing party. Although the plaintiff's complaint stated two counts, warranty and negligence, the counts clearly arose out of a single cause of action, and since only the plaintiff was awarded damages and

thus prevailed on the entire record, the award of witness fees was proper.

The defendant's argument that expert witness fees were improperly awarded since the witness was contradicted at trial is clearly without merit. Expert witness fees are governed by statute. MCLA 600.2164; MSA 27A.2164. The trial judge qualified the witness as an expert. This is a discretional decision reversible only if abuse is shown, and we find none. See *Taylor v Michigan Power Co,* 45 Mich App 453; 206 NW2d 815 (1973); *Hesse v Diehl,* 279 Mich 168; 271 NW 721 (1937).

This Court having determined that the trial court determined damages improperly, the case is remanded to the trial court for a hearing on damages, *viz.,* the number of hours of down time attributable to the negligence of the defendant, the same to be determined without reference to the improper hearsay testimony, and for a computation of the consequent amount of damages based upon any loss of profit which the plaintiff may have suffered due to the malfunction of the machine in question.

Affirmed in part; reversed in part and remanded. Neither party having prevailed, no costs are awarded.

All concurred.