MIHAILOFF v MEIJER, INC.

1. WITNESSES—EXPERT MEDICAL WITNESSES—CROSS-EXAMINATION—
   TEXTBOOKS.

   A medical witness, on cross-examination, may not refer to a
   medical textbook in corroboration of his testimony.

2. COSTS—DEPOSITIONS—STATUTE—COURT RULE.

   Taxable costs for depositions are controlled by statute and court
   rule and actual costs in excess may not be taxed. (MCLA
   600.2549; GCR 1963, 526.1).

Appeal from Eaton, Willard L. Mikesell, J. Sub-
mitted Division 3 April 4, 1974, at Lansing.
(Docket No. 17047.) Decided May 2, 1974.

Complaint by Michael Mihailoff, by his next
friend, Doris Mihailoff, and by Doris Mihailoff
against Meijer, Inc., for damages resulting from
injuries sustained in defendant's store. Judgments
for plaintiffs. Defendant appeals. Affirmed, except
plaintiffs' taxed costs reduced.

*Newman & MacKay,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells),* for defendant.

Before: DANHOF, P. J., and QUINN and V. J.
BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 846.

[2] 20 Am Jur 2d, Costs §§ 56–58.

Taxation of costs and expenses in proceedings for discovery or
inspection. 76 ALR2d 953.

PER CURIAM. Plaintiffs' action for damages arising from personal injuries sustained in defendant's store resulted in jury verdicts of $4,000 in favor of the minor plaintiff and $5,000 in favor of Doris Mihailoff individually. Judgments entered on the verdicts. Defendant's motion for new trial, or in the alternative for a *remittitur,* was denied and defendant appeals the $5,000 judgment in favor of Doris Mihailoff.

The record reveals no reversible error but two of the alleged errors asserted on appeal require some exposition to clarify existing law relied on by defendant.

On the strength of *Jones v Bloom,* 388 Mich 98; 200 NW2d 196 (1972), defendant contends that error occurred when the trial judge refused to permit one of plaintiffs' medical witnesses on cross-examination to refer to a textbook in corroboration of his testimony. This contention is not supported by *Jones, supra,* which held that medical textbooks may be used to *cross-examine* expert witnesses under certain conditions.

Plaintiffs taxed as costs for the depositions of Drs. Velten and Larkey the amount they actually expended for these depositions, $108.50. Defendant says this was error because under MCLA 600.2549; MSA 27A.2549, the maximum amount would be $31.80. Defendant's position is correct. Under GCR 1963, 526.1, MCLA 600.2549 controls the amount of taxable costs for depositions.

Affirmed, except plaintiffs' taxed costs are reduced by $76.70.