SPURLING v BATTISTA

Opinion of the Court

1. Courts—Circuit Courts—Powers—Jurisdiction—Statutes.

Circuit courts have broad powers, including the power to make any order proper to fully effectuate their jurisdiction and judgments (MCLA 600.601, 600.611; MSA 27A.601, 27A.611).

2. Witnesses—Attorney and Client—Witness Fees.

An attorney who, on behalf of a client, subpoenas and deposes a witness should not be held liable for payment of witness fees to the witness so deposed where: the attorney who requested the deposition is not a party to the action and no complaint is filed against him, the deposed witness knew that the other was acting in a representative capacity for his client, the pleadings and subpoenas reflect that they were filed by the client through his attorney, and the deposed witness makes no claim that the attorney undertook to be personally bound.

3. Witnesses—Witness Fees—Judge's Discretion—Statutes.

The decision to award witness fees for loss of working time and the amount awarded is within the discretion of the trial court (MCLA 600.2552; MSA 27A.2552).

4. Witnesses—Duty to Give Testimony.

The duty to give testimony is a public obligation.

5. Witnesses—Witness Fees—Findings of Trial Court.

A trial court should make its findings clear and explain its measure of compensation on the record when awarding witness fees for loss of working time.

References for Points in Headnotes

[1] 20 Am Jur 2d, Courts §§ 78, 79.

[2, 3, 5–8] 81 Am Jur 2d, Witnesses §§ 13, 23–27.

[4] 81 Am Jur 2d, Witnesses §§ 28–68.

[8] 81 Am Jur 2d, Witnesses §§ 97–99.

Defense attorney as witness for his client in state criminal case. 52 ALR3d 887.

Prosecuting attorney as witness in criminal case. 54 ALR3d 100.

Attorney as witness for client in federal case. 9 ALR Fed 500.

6. WITNESSES—WITNESS FEES—LOSS OF WORKING TIME—STATUTES.

> A witness fee awarded pursuant to a statutory provision for compensation for loss of working time should be for the purpose of making the witness whole and not to punish the subpoenaing party (MCLA 600.2552; MSA 27A.2552).

CONCURRENCE IN PART, DISSENT IN PART BY BEASLEY, P. J.

7. WITNESSES—WITNESS FEES—LIABILITY FOR WITNESS FEES.

> *Witness fees should be charged against the party calling the witness; a trial court improperly charged witness fees against a defendant's attorneys where it was evident that the attorneys were acting on behalf of their client when they secured the deposition testimony of the witnesses.*

8. WITNESSES—ATTORNEY AND CLIENT—ATTORNEY AS WITNESS—WITNESS FEES—STATUTES.

> *A statute which precludes an attorney from seeking a witness fee where the attorney appears as a witness in a case in which he is interested as attorney or counsel does not apply to an attorney who has been relieved by order of the court of his responsibility to continue representing a client involved in the action (MCLA 600.2552[2]; MSA 27A.2552[2]).*

Appeal from Macomb, Robert J. Chrzanowski, J. Submitted April 8, 1977, at Detroit. (Docket No. 28455.) Decided June 20, 1977.

Complaint by Floyd A. Spurling and Angela M. Spurling against Silvio Battista and Silcor, Inc., for damages for breach of contract. Third-party complaint by Silvio Battista against Joseph Fuger and Sil Machine Rebuilding Press Repair Company, claiming that the third-party defendants were liable for any contract damages. The attorneys for the third-party defendants were allowed to withdraw, and were subsequently called as witnesses by the defendants. The defendants' attorneys were ordered to pay witness fees, and appeal. Reversed.

*Jaffe, Snider, Raitt, Garratt & Heuer* (by *Brian G. Shannon),* for Silvio Battista and Silcor, Inc.

*Greenfield & Koppelman, P. C.,* for Joseph Fuger and Sil Machine Rebuilding Press Repair Company.

Before: BEASLEY, P. J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

J. H. GILLIS, J. The law firm of Jaffe, Snider, Raitt, Garratt & Heuer, P. C. (hereinafter referred to as JSRG & H) appeals by right from an order requiring the firm personally to pay $960 in witness fees to the law firm of Greenfield & Koppelman, P. C. (hereinafter referred to as G & K).

The principal case underlying the present controversy was a contract action initiated in 1972 in which the Spurlings claimed that Silvio Battista had agreed to sell them 10% of Silcor, Inc., and that a $5,000 down payment had been made. On January 23, 1973 Silvio Battista filed a third-party complaint against Joseph Fuger and Sil Machine Rebuilding Press Repair Company (hereinafter referred to as Sil Machine), claiming that they were liable for the contract damages. Silvio Battista had sold his entire interest in Silcor, Inc. to Joseph Fuger and Sil Machine.

JSRG & H represented principal defendant-third-party plaintiff, Silvio Battista. G & K represented third-party defendants, Sil Machine and Joseph Fuger.

Sil Machine went into bankruptcy and Joseph Fuger fled the country. Being left without a client, G & K was allowed to withdraw from the case on December 8, 1975.

On January 20, 1976, principal defendant, Silvio

Battista, filed a motion to compel nonparty witnesses to produce documents. On January 22, 1976, Norman E. Greenfield and Mark S. Koppelman, individually and on behalf of Rubenstein, Butcher & Allen and G & K, were served with a subpoena *duces tecum* commanding them to appear and give testimony for defendant and bring with them certain documents. G & K responded claiming attorney/client privilege and work product. On January 26, 1976, the trial court granted defendant's motion. Norman E. Greenfield and Mark S. Koppelman complied with the order and spent approximately 16 hours being deposed.[1]

Subsequently, G & K filed a motion for witness fees pursuant to MCLA 600.2552; MSA 27A.2552, seeking compensation for loss of working time. The motion was directed at JSRG & H personally. The court granted G & K's request and ordered JSRG & H to pay G & K $60 per hour for 16 hours amounting to $960 in witness fees. JSRG & H appeal from that order.

We recognize that circuit courts have broad powers, MCLA 600.601; MSA 27A.601, and that they have the power to "make any order proper to fully effectuate" their jurisdiction and judgments, MCLA 600.611; MSA 27A.611; however, we find that in this case the trial court did not have the power to compel JSRG & H to pay witness fees.

JSRG & H was not a party to this action. There has been no complaint filed against it. Therefore, the only way that the trial court could have authority over JSRG & H would be because of its involvement as counsel for Silvio Battista or under GCR 1963, 908.

GCR 1963, 908 is inapplicable because G & K was not a client of JSRG & H nor has it claimed to

---

[1] There has been no appeal as to this order.

be successor to such a client. See *Maljak v Murphy*, 385 Mich 210; 188 NW2d 539 (1971).

G & K had full knowledge that JSRG & H was acting in a representative capacity on behalf of Silvio Battista. All of the relevant pleadings and subpoenas reflect that they were filed by Silvio Battista through his attorneys, JSRG & H. G & K has made no claim that JSRG & H undertook to be personally bound. We refuse in this type of situation to hold an attorney liable to third parties for expenses incurred on behalf of clients. See Anno., 15 ALR3d 531, § 14, p 557.

Although we reverse the trial court in ordering JSRG & H to pay witness fees, we find that further explanation of MCLA 600.2552; MSA 27A.2552 is in order. It provides in relevant part:

"(1) Witnesses shall receive for attending in any suit or proceeding pending in a court of record, $12.00 for each day and $6.00 for each half day, or a witness may be paid for his loss of working time, but not more than $15.00 for each day shall be taxable as costs as his witness fee. Witnesses shall receive for traveling at the rate of 10 cents per mile in coming to the place of attendance and returning therefrom, to be estimated from the residence of such witness, if within this state, or from the boundary line of this state, which such witness passed in coming, if his residence is out of the state."

We agree with the trial court that the phrase "or a witness may be paid for his loss of working time" leaves the decision to so award and the amount awarded within the discretion of the trial court. We make no comment as to whether or not $60 per hour would have been appropriate in this situation had the request been made against the proper party; however, we do offer the following guidelines to be used when applying this statute.

We caution trial courts to utilize this provision of the statute with much caution. It must be remembered that the duty to give testimony is a public obligation. *Hurtado v United States,* 410 US 578; 93 S Ct 1157; 35 L Ed 2d 508 (1973). Additionally, according to the statute, regardless of the amount of compensation awarded to the witness, only $15 per day is taxable as costs should the party requesting the testimony prevail. See *Mihailoff v Meijer, Inc.* 53 Mich App 312; 218 NW2d 798 (1974). Large witness fees could therefore result in pretrial preparation costing more than any possible recovery. In light of the policy toward encouraging pretrial preparation, this would be most undesirable. On the other side, we are sympathetic to the witness who contributes much time testifying for a party and loses work time in the process. Often the standard witness fee does not make the witness whole.

In exercising its discretion, the trial court should first consider whether the witness did in fact lose working time. Witness has been defined as "one who testifies under oath to something he knows at first hand". *People v Martin,* 316 Mich 669, 672; 26 NW2d 558 (1947), quoting 3 Bouvier's Law Dictionary, p 3475. The court should make sure that if compensation is awarded for loss of working time that the individual witness's loss of time is considered.[2] If the individual is on a salary and received his or her same salary even though not at work, the court should consider if payment of more than the standard fee would amount to

[2] In the instant case, the court based the award on the amount of money that the corporation billed its clients per hour. The corporation was not the witness. There was no testimony as to what the witnesses earned, *i.e.,* salary, or if in fact the individuals did lose any income because of the deposition time. The court should focus on actual loss and not on potential gain in seeking to make the witness whole.

double compensation. Whatever the decision, the court should make its findings clear and explain its measure of compensation on the record.

Most important, any fee awarded pursuant to the loss of working time provision of the statute should be for the purpose of making the witness whole and not to punish the subpoenaing party. As appellant in this case correctly pointed out, there are remedies available to witnesses who feel that they are being harassed. See GCR 1963, 305.1, 306.2, 306.4.

In conclusion, we reverse the trial court in ordering JSRG & H to pay witness fees to G & K. We agree with the trial court's interpretation of the "loss of work time" provision in the witness fee statute; however, we urge trial courts to utilize that provision only when necessary and with great caution.

Reversed. No costs.

N. J. Kaufman, J., concurred.

Beasley, P. J. *(concurring in part; dissenting in part)*. I concur in the result reached by the majority.

It was evident to the petitioning attorneys (referred to in the majority opinion as G & K) that appellant's attorneys (referred to in the majority opinion as JSRG & H) were acting on behalf of their clients, defendant and third-party plaintiffs. Any witness fees and costs should have been assessed against defendant and third-party plaintiffs. It was error to charge witness fees against the attorneys, JSRG & H.[1]

Consequently, under the circumstances of this case, I would not hold the attorneys liable for

---

[1] *Preston v Preston*, 1 Doug (Mich) 292 (1844), cited in 15 ALR3d 531, 536.

additional witness fees ordered under the "loss of working time" provision of § 2552 of the Revised Judicature Act.[2]

Where, as here, the appellee attorneys, G & K, had been relieved by order of the court of their responsibility to continue to represent their clients, one bankrupt and the other departed outside of the United States, the trial judge was correct in finding § 2552(2), set forth as follows, inapplicable in this case:

> "(2) No attorney or counsel in any cause in which he may be interested as attorney or counsel, shall be allowed any fee for attending as a witness in such case."[3]

G & K were not precluded from seeking witness fees.

Last, I am unable to subscribe to some of the dicta in the majority opinion referred to as "guidelines". I would believe that in this case *16 hours* of discovery deposition was an abuse of the discovery procedure, rather than to emphasize what the majority describe as the public obligation to give testimony. After all, this is a civil suit and the parties were not yet even concerned with trial, merely pretrial preparation. In weighing competing societal interests, I would incline to require fair and adequate compensation for those witnesses taken from their preferred pursuits at the pleasure of litigants and lawyers engaged in civil litigation.

---

[2] MCLA 600.2552; MSA 27A.2552:
"Sec. 2552.
(1) Witnesses shall receive for attending in any suit or proceeding pending in a court of record, $12.00 for each day and $6.00 for each half day, or a witness may be paid for his loss of working time, but not more than $15.00 for each day shall be taxable as costs as his witness fee. * * * ."

[3] MCLA 600.2552(2); MSA 27A.2552(2).