EADDY v GARDEN CITY OSTEOPATHIC HOSPITAL

Docket No. 80813. Submitted May 6, 1986, at Detroit. Decided July 7, 1986.

Plaintiff, Caleb L. Eaddy, individually and as the personal representative of the estate of Bernice Eaddy, deceased, brought an action for wrongful death in the Wayne Circuit Court alleging medical malpractice by the defendants, Garden City Osteopathic Hospital, Dr. Eric Coffman, and others. A verdict of no cause of action was returned by the jury and the trial court, Claudia Morcom, J., entered a judgment and order to that effect. Dr. Janette D. Sherman, M.D., who testified for the plaintiff at trial, thereafter sent a bill to plaintiff's counsel, Zeff and Zeff, for the $6,800 balance of an expert witness fee she claimed was due. The law firm refused to pay the bill. Dr. Sherman thereafter sought an order from the trial court requiring the law firm to pay the balance of the fee. After notice to the competing parties, the trial court determined that the bill was owing and entered an order compelling the payment by the law firm. The law firm appeals from that order. *Held:*

1. MCL 600.2164; MSA 27A.2164 does not allow entry of an order compelling the payment of a witness fee by a non-party.

2. The trial court did not have the power to order the witness fee payment by the law firm by virtue of the provisions of GCR 1963, 908, now MCR 8.122. This rule applies only to claims by clients against attorneys and not to claims of witnesses.

3. Dr. Sherman may file a complaint for breach of contract against the law firm in a court of competent jurisdiction.

4. The trial court did not have subject matter jurisdiction to enter the order for witness fees against a nonparty.

Reversed.

1. WITNESSES — EXPERT WITNESSES — FEES.

The statute which gives a trial court the discretion to determine

REFERENCES

Am Jur 2d, Attorneys at Law § 153.

Am Jur 2d, Expert and Opinion Evidence §§ 10-13.

Compensation of expert witness as costs recoverable in federal civil action by prevailing party against party other than United States. 71 ALR Fed 875.

whether a witness is qualified as an expert and is thus entitled to fees in excess of the fees set for lay witnesses also gives the court the authority to set the amount of the expert witness fee and to tax or assess these costs against a losing party; the statute does not allow entry of an order compelling the payment of an expert witness fee by a nonparty (MCL 600.2164, 600.2552; MSA 27A.2164, 27A.2552).

2. COURT RULES — ATTORNEY AND CLIENT — CLAIMS BY CLIENTS.

The court rule regarding claims by clients against attorneys, which provides that a circuit court may, on verified written complaint of any client, and after reasonable notice and hearing, make an order for the payment of money or for the performance of any act by the attorney which law and justice may require, applies only to claims by clients against attorneys and not to claims of witnesses (GCR 1963, 908; MCR 8.122).

*Zeff & Zeff & Materna* (by *Donald M. Fulkerson*), for appellant.

*Gottlieb & Goren, P.C.* (by *Charles Gottlieb*), for appellee.

Before: BRONSON, P.J., and GRIBBS and M. E. CLEMENTS,* JJ.

E. M. CLEMENTS, J. Plaintiff brought an action for wrongful death alleging medical malpractice by the defendants. A verdict of no cause of action was returned by the jury on January 26, 1984.

This appeal does not raise any issues from the underlying negligence action. Rather, the appeal involves the jurisdiction of the trial court to enter an order requiring plaintiff's counsel to pay a $6,800 balance of an expert witness fee to Dr. Janette D. Sherman, M.D., who testified for the plaintiff at trial.

The agreement between Dr. Sherman and the law firm of Zeff & Zeff, pursuant to the affidavit of Dr. Sherman, was that payment was to be made to

* Circuit judge, sitting on the Court of Appeals by assignment.

her within forty-eight hours of receipt of her bill. She had received a $1,000 retainer.

Following the jury verdict, she sent a bill for $6,800 to plaintiff's counsel for the balance she claimed was due. The law firm refused to pay that sum and argued that the bill was excessive and that her testimony was not competent and well-prepared.

After notice to the competing parties, the trial court determined that the bill was owing and entered an order to that effect.

Defendants contend that MCL 600.2164; MSA 27A.2164 grants jurisdiction to the court to determine the expert witness fee issue:

> (1) No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly.
>
> (2) No more than 3 experts shall be allowed to testify on either side as to the same issue in any given case, unless the court trying such case, in its discretion, permits an additional number of witnesses to testify as experts.
>
> (3) The provisions of this section shall not be applicable to witnesses testifying to the established facts, or deductions of science, nor to any other specific facts, but only to witnesses testifying to matters of opinion.

The cases which have applied this statute involve the award of expert witness fees in the

context of taxation of fees between parties to a litigation, but not in favor of a witness or against a law firm representing a party. *Gilliland v Baldwin-Lima-Hamilton Corp,* 52 Mich App 489; 218 NW2d 63 (1974); *Gundersen v Village of Bingham Farms,* 1 Mich App 647; 137 NW2d 763 (1965).

MCL 600.2164; MSA 27A.2164 gives to the court the discretion to determine whether a witness is qualified as an expert and is thus entitled to fees in excess of the fees set for lay witnesses under MCL 600.2552; MSA 27A.2552. *Strzelecki v Blaser's Lakeside Industries of Rice Lake, Inc,* 133 Mich App 191; 348 NW2d 311 (1984). The statute also gives the trial court the authority to set the amount of the expert witness fee. The trial court may tax or assess these costs against a losing party and may even find a person in contempt of court for paying a fee in excess of one set by the court. The statute appears in Chapter 21 of 1961 PA 236, which is entitled "Evidence." It seems that the Legislature is regulating the introduction of expert witness testimony to avoid possible abuse in the expert witness fees charged in a case. The statute does not allow entry of an order compelling the payment of an expert witness fee by a non-party.

Counsel for both Dr. Sherman and Zeff & Zeff cite *Spurling v Battista,* 76 Mich App 350; 256 NW2d 788 (1977), as supporting their respective theories of jurisdiction. In *Spurling,* counsel for third-party defendants filed a motion for lay witness fees pursuant to MCL 600.2552; MSA 27A.2552. The motion was directed against counsel for the principal defendant, the third-party plaintiff. The trial court granted the motion. This Court reversed, finding that the trial court did not have the authority to order counsel to pay witness fees:

We recognize that circuit courts have broad powers, MCL 600.601; MSA 27A.601, and that they have the power to "make any order proper to fully effectuate" their jurisdiction and judgments, MCL 600.611; MSA 27A.611; however, we find that in this case the trial court did not have the power to compel JSRG & H to pay witness fees.

JSRG & H was not a party to this action. There has been no complaint filed against it. Therefore, the only way that the trial court could have authority over JSRG & H would be because of its involvement as counsel for Silvio Battista or under GCR 1963, 908.

GCR 1963, 908 is inapplicable because G & K was not a client of JSRG & H nor has it claimed to be successor to such a client. See *Maljak v Murphy,* 385 Mich 210; 188 NW2d 539 (1971).

G & K had full knowledge that JSRG & H was acting in a representative capacity on behalf of Silvio Battista. All of the relevant pleadings and subpoenas reflect that they were filed by Silvio Battista through his attorneys, JSRG & H. G & K has made no claim that JSRG & H undertook to be personally bound. We refuse in this type of situation to hold an attorney liable to third parties for expenses incurred on behalf of clients. See Anno., 15 ALR3d 531, § 14, p 557. [*Id.,* pp 353-354.]

While cases cited in 15 ALR3d 531, § 14 hold attorneys liable for certain witness fees, the liability is founded upon a separate action against the attorney.

·*Spurling, supra,* found that the statute did not give the lower court the power to award witness fees against the attorneys because there was no complaint filed and they were not parties to the action. To the extent that *Spurling* suggests possible payment by attorneys if personally bound, this Court does not adopt that dicta.

Finally, this Court does not accept Dr. Sherman's contention that the trial court has the

power to order witness fee payment by Zeff & Zeff in the instant case by virtue of the provisions of GCR 1963, 908, now MCR 8.122, which states:

> Attorneys and counselors are officers of the courts of this State and as such are subject to the summary jurisdiction of such courts. The circuit court of the county in which an attorney resides or has an office has jurisdiction, on verified written complaint of any client, either in person or by attorney and after reasonable notice and hearing, to make an order for the payment of money or for the performance of any act by the attorney which law and justice may require. All courts of record have a like jurisdiction as to all such complaints regarding matters arising in suits or proceedings in such courts.

This rule applies only to claims by clients against attorneys and not to claims of witnesses.

The expert witness may file a complaint for breach of contract against the law firm of the plaintiff in a court of competent jurisdiction.

The circuit court for Wayne County did not have subject matter jurisdiction to enter an order for witness fees against a non-party.

Reversed.