ADAMS v. GRAND TRUNK WESTERN RAILWAY CO.

1. RAILROADS—FIRES—CIRCUMSTANTIAL EVIDENCE—INFERENCES MAY BE DRAWN FROM RELATED FACTS.

In an action against a railroad company for the burning of plaintiffs' barns, alleged to have been caused by a cinder from defendant's locomotive, circumstantial evidence is permissible, but an inference that the fire was so caused must be based on related facts, showing the time the fire started, the passing of the locomotive, and the possibility of a live cinder traveling the necessary distance.

2. SAME—EVIDENCE—QUESTION FOR JURY.

Defendant's claim that there is lack of evidence showing that cinders ever set fire at the distance necessary for the cinder in question to have traveled, considering the direction and velocity of the wind, is tenable only by accepting defendant's version thereof, and, the evidence thereon being in dispute, said question was properly submitted to the jury.

3. SAME—INFERENCES—QUESTIONS OF FACT DECIDED BY VERDICT.

The possibility of the fire having been caused by a gasoline engine in the basement of one of plaintiffs' barns, or by embers from a fire nearly two miles away, was negatived by the verdict against defendant.

4. DAMAGES—VALUE OF OLD FARM BUILDINGS—CASH VALUE.

The rule of damages for old farm buildings in use and necessary for farm purposes, destroyed by fire, stated broadly, is their cash value.

5. APPEAL AND ERROR—DAMAGES—EVIDENCE.

Although the trial court rejected the reproduction cost new less deduction for depreciation rule, and it is evident that some of the witnesses testifying as to the value of the destroyed buildings based their estimates on said rule, the testimony of one witness, not based thereon, which was uncontroverted, carried the question of value

[1]Railroads, 33 Cyc. pp. 1369, 1382, 1385; 11 R. C. L. 995; 2 R. C. L. Supp. 1348; 5 R. C. L. Supp. 625; [2]Id., 33 Cyc. pp. 1395, 1396; [3]Id., 33 Cyc. p. 1403; [4]Damages, 17 C. J. § 188; [5]Appeal and Error, 4 C. J. § 2952.

to the jury, and the other testimony will not be regarded as presenting reversible error.

6. RAILROADS—DUTY OF TRAINMEN TO REPORT FIRES NOT APPLICABLE TO BURNING BARNS ON PRIVATE PROPERTY.

1 Comp. Laws 1915, § 776, as amended by Act No. 143, Pub. Acts 1923, requiring trainmen discovering fences or other material along the right of way or woodland adjacent to the railroad burning or in danger from fire, to report same promptly, and making a wilful violation of such duty a misdemeanor, has no application to burning barns on private property.

7. APPEAL AND ERROR—REQUESTED INSTRUCTIONS—EFFECT OF FAILURE TO RENEW REQUEST AT CLOSE OF TRIAL.

Where a question was material, was in sharp dispute, and defendant's witnesses thereon were discredited by repeated references by plaintiff's counsel, over objection, to an inapplicable statute, the failure of the trial court to instruct the jury, as requested, at the time said references were being made, that said statute was inapplicable, was reversible error, although no request for such instruction was made at the close of the trial.

Error to Shiawassee; Collins (Joseph H.), J. Submitted April 22, 1927. (Docket No. 2.) Decided October 3, 1927.

Case by Clark Adams and another against the Grand Trunk Western Railway Company for the alleged negligent burning of plaintiffs' barns. Judgment for plaintiffs. Defendant brings error. Reversed.

*H. R. Martin* (*Leo J. Carrigan* and *Pulver & Bush,* of counsel), for appellant.

*Matthews & Hicks,* for appellees.

WIEST, J. The afternoon of October 31, 1924, three barns on plaintiffs' farm were destroyed by fire, together with farm products, tools, and equipment.

---

[6]Railroads, 33 Cyc. p. 1328 (Anno); [7]Appeal and Error, 3 C. J. § 642.

Claiming the fire was set by a cinder from a locomotive on defendant's nearby railway, plaintiffs brought this suit to recover their loss and had judgment. Defendant reviews by writ of error.

Plaintiffs claim the fire started in the shingle roof of the barn nearest the highway, called barn No. 1, then spread to the next barn, called No. 2, and then to barn No. 3. It was a dry time. At the time of the fire a new gasoline engine, installed that day, was in operation in the basement of barn No. 2. The engine had a muffler but exhausted inside the building near an open door with a straw stack near by. Plaintiffs' case rested upon circumstantial evidence. This, of course, was permissible, but the inference that the fire came from defendant's locomotive had to be based on facts showing due relation between the time the fire started, the passing of the locomotive, and the possibility of a cinder traveling to the roof of the barn. From the point where plaintiffs claim the fire started to the nearest point on the railroad was about 342 feet, but, this being straight south from the barn, and the wind at the time of the fire being in the southwest, it is clear that a cinder, to have set the fire, must have traveled a greater distance. Defendant claims such distance was at the very least 750 feet, and insists that, under the evidence relative to the wind, the distance was in fact 1,350 feet, and urges lack of evidence showing that cinders ever set a fire such a distance. This would be true if defendant's version was accepted, but the direction and velocity of the wind was not so fixed as to compel acceptance thereof by the jury. We cannot say how far a live cinder may travel, and need only say there was evidence sending the question to the jury. The possibility of the fire having been set by the gasoline engine or by embers from a fire, earlier in the afternoon, when nine cottages were destroyed at Pine lake, nearly two miles away, was negatived by the verdict.

The barns were old; no one knew how old, and plaintiff called builders to show their value, and they based their estimates upon reproduction cost new, less 20 per cent. for depreciation. It is difficult to establish the value of old farm buildings in use and necessary for farm purposes, and some courts have sanctioned such evidence, while other courts, in line with our holdings, have stated the rule broadly as the cash value of the buildings. The witnesses as to the value, based on reproduction cost new, never saw the barns, and had to consider testimony showing the build and condition thereof. The trial judge rejected the reproduction cost rule, but it is evident the witnesses, with the exception of plaintiff Clark Adams, employed such rule in estimating the value of the barns. Clark Adams, however, with some knowledge on the subject of value, did not rest his opinion on the mentioned rule, and his testimony, not controverted by any evidence offered by defendant, carried the value to the jury, and we do not feel that the other testimony as to value presents reversible error.

The exact time the fire started was in sharp dispute. Two witnesses for plaintiffs testified that they saw the train pass, going west, a few minutes before the fire, while five of the trainmen testified they saw the fire in progress as the train approached the farm from the east. The testimony of the trainmen was undoubtedly discredited by the jury by reason of repeated reference to an inapplicable statute and the questioning of the witnesses to show noncompliance with a statutory command. The trainmen said they did not report the fire. If they saw the fire and it was their statutory duty to report it, then their failure to do so would materially affect the weight of their testimony, as well as afford a suspicion that they did not see the fire at all. The mentioned statute is section 776, 1 Comp. Laws 1915, as amended by Act No. 143,

Pub. Acts 1923, and, so far as necessary to quote, reads:

\* \* \* "And where engineers, conductors, or trainmen discover that fences or other materials along the right of way or woodland adjacent to the railroad are burning or in danger from fire, they shall report the same promptly at the next telegraph station at which an operator is on duty."

A wilful violation of such duty is made a misdemeanor. This statute imposed no duty on the trainmen to report the fire. The fire was not burning fences or materials along the right of way but barns on private property. The record shows that counsel for plaintiffs claimed this statute made it the duty of the trainmen to report the fire, and that counsel for defendant objected to all reference to the statute and questions relating to duty imposed thereby, and stated:

"I would ask the court to instruct the jury now that this statute has no bearing upon the situation of this particular case. What I mean is that there was no duty on the part of any one connected with this train, so far as the statute was concerned, to report the burning of these barns.

"*The Court:* I will see about that."

Just previous to what we have quoted, the court had asked counsel for plaintiffs: "Do you claim that the statute requires him to report a fire on a barn off from the right of way?" and counsel answered: "Yes, sir, if it is adjacent. Adjacent means off from the right of way." To which the court replied: "The statute doesn't apply to barns off a distance."

Later, however, on cross-examination of the conductor of the freight train, the following appears:

"*Q.* You were to report any fire that you saw on the right of way or on adjoining property, is that right?

"*A.* On the right of way, but not on adjoining property.

"*Q.* So you thought because it wasn't on the right of way, there wasn't any duty on your part to report it?

"*Mr. Pulver:* That question is objected to for all the reasons given before, and for the reason there is no duty either by statute, rule, or otherwise requiring anything of the kind, and I object to this prejudicial cross-examination on this subject. It has been up before, and I renew the objection now.

"*Mr. Hicks:* I insist on my right to cross-examine him under section 776 of the Compiled Laws of 1915.

"*The Court:* I think he may answer."

If the testimony of the trainmen was true, then the fire was not set by cinders from the claimed locomotive.

The employment of the wholly inapplicable statute was highly prejudicial, and gave the jury an unwarranted reason for discrediting the testimony of the trainmen. When counsel for defendant requested the court to instruct the jury that the statute did not require the trainmen to report this fire, such request should have been complied with and further parade of the statute prevented. Counsel for plaintiffs contend there was no request by defendant, at the close of the trial, for such an instruction, and the point is, therefore, lost. As we have stated, there was a request for an instruction to the jury at the very time the harm was being done, and strenuous objection to each renewal of the subject, and we think the point saved and that plaintiffs are not saved from the consequences of the error.

For this error the judgment is reversed and a new trial granted, with costs to defendant.

Sharpe, C. J., and Bird, Steere, Fellows, Clark, and McDonald, JJ., concurred. Snow, J., did not sit.