LE MIEUX *v.* SHERRIFF-GOSLIN CO.

1. APPEAL AND ERROR—WHETHER ISSUE FOR JURY PRESENTED MAY NOT BE FIRST RAISED BY MOTION FOR NEW TRIAL.
   Whether there was an issue of fact presented with respect to negligence averred against defendant may not be raised for the first time on motion for new trial.

2. SAME—TRIAL — INSTRUCTIONS — IN ABSENCE OF REQUEST FOR SPECIFIC INSTRUCTIONS ERROR MAY NOT BE ALLEGED THEREON.
   The Supreme Court. must decline to find error based on the failure of the trial court to cover specifically matters of evidence, in the absence of any request to charge in that regard.

3. DAMAGES—EXCESSIVE VERDICT.
   A verdict for $5,539 for the negligent burning of plaintiff's barn, adjoining buildings, and some chattels may not be said to be excessive, where there is nothing to indicate that it was based on anything but evidence, it is conservatively within the range thereof, and there was testimony of damage greatly in excess of the verdict.

Error to Muskegon; Vanderwerp (John), J. Submitted January 11, 1928. (Docket No. 35.) Decided February 14, 1928.

Case by Angeline Le Mieux against the Sherriff-Goslin Company for the negligent burning of plaintiff's buildings. Judgment for plaintiff. Defendant brings error. Affirmed.

*Cross, Foote & Sessions,* for appellant.

*Alexis J. Rogoski* and *R. Glen Dunn,* for appellee.

CLARK, J. Defendant, a corporation, contracted to put a new roof on plaintiff's barn, and while it, by its

[1]Appeal and Error, 3 C. J. § 638; [2]Id., 3 C. J. § 757; [3]Damages, 17 C. J. § 465.

employees, was doing the work, the barn and some adjacent buildings and some chattels were destroyed by fire.  Averring that the fire had been caused by the negligence of defendant, in that its employees

"lit matches and smoked cigarettes and pipes and carelessly, negligently, and wrongfully, cast lighted matches, the burning fag ends of cigarettes, and the burning butts of cigars in and upon said roof of said barn, and in, upon, and about said highly combustible and inflammable materials, hay, and straw, stored in, and lying about said barn,"

plaintiff brought this suit and had verdict and judgment for $5,539.  Defendant brings error.

It is contended that there was no issue of fact with respect to negligence averred against defendant, and that as a matter of law it was not guilty of negligence. Appellant at the trial treated the question as one of fact for the jury, made no motion for directed verdict, and preferred no requests to charge.  The contention was made first on the motion for a new trial and it is discussed in the brief here.  The question cannot be raised for the first time on a motion for a new trial.  Not having presented the matter to the trial court by motion to direct or by request to charge, we may not now consider it.  See *Tishhouse* v. *Schoenberg,* 234 Mich. 271, and cases cited.

We find no error in the charge of the court.  Appellant insists that the instructions ought to have covered specifically matter of evidence adduced by defendant relative to the negligence charged.  In the absence of a request to charge in that regard, we must decline to find error.  *Hartwig* v. *Kell,* 199 Mich. 603.

The rule of damages in cases such as this is set forth in *Close* v. *Railroad Co.,* 169 Mich. 392.  In admitting evidence relative to damages and in instructing the jury in regard thereto we find no serious departure from the rule.  See *Adams* v. *Railway Co.,* 240 Mich. 300.

We are in accord with the holding of the trial judge that the verdict is not excessive. There is nothing to indicate that it is based on anything but evidence, and it is conservatively within the range thereof. There is testimony of damage greatly in excess of the verdict. We find no reversible error.

Judgment affirmed.

NORTH, FELLOWS, WIEST, MCDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.