BLUEMLEIN v SZEPANSKI

Docket No. 46406. Submitted June 16, 1980, at Lansing.—Decided October 24, 1980. Leave to appeal applied for.

Colleen V. Bluemlein brought an action against Cecil M. Szepanski and others for damages resulting from the collapse of the roof of a building built by defendants. Saginaw Circuit Court, Eugene Snow Huff, J., entered judgment for plaintiff. Defendants appeal, alleging that the trial court improperly declined to instruct the jury on the issues of comparative and contributory negligence, erroneously instructed the jury as to determination of damages, and failed to instruct the jury on mitigation of damages. *Held:*

1. The trial court properly declined defendants' request for instructions to the jury on the issues of comparative and contributory negligence as no evidence was presented demonstrating negligence on the part of plaintiff.

2. The proper period for limitation of actions against defendants was three years after plaintiff discovered or reasonably should have discovered her cause of action, and, thus, plaintiff's claim is not barred.

3. The trial court's instruction on determination of damages was improper.

4. The issue of the trial court's failure to instruct the jury on mitigation of damages was not preserved for appeal.

Reversed and remanded on the issue of damages only.

1. NEGLIGENCE — COMPARATIVE NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — JURY INSTRUCTIONS.

The propriety of a trial court's instructions to a jury on the issues

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Negligence §§ 300-302.

[2] 13 Am Jur 2d, Building and Contruction Contracts § 114.

What statute of limitations governs action by contractee for defective or improper performance of work by private building contractor. 1 ALR3d 914.

[3] 51 Am Jur 2d, Limitations of Actions §§ 102, 121, 135, 136.

63 Am Jur 2d, Products Liability § 221 *et seq.*

[4] 5 Am Jur 2d, Appeal and Error § 891.

75 Am Jur 2d, Trial §§ 577, 906.

[5] 22 Am Jur 2d, Damages §§ 132-146.

of comparative and contributory negligence depends on whether the record reveals sufficient evidence to support the instructions, and, in the absence of any evidence to demonstrate negligence on the part of a party, a trial court should decline an adverse party's request for such an instruction.

2. LIMITATION OF ACTIONS — ARCHITECTS AND PROFESSIONAL ENGINEERS — BUILDING CONTRACTORS — IMPROVEMENTS TO REAL PROPERTY — STATUTES.

The limitation of actions against architects and professional engineers arising from defective or unsafe conditions of improvements to real property to six years after the time of use, acceptance, or occupancy of the property does not extend to building contractors; the proper period of limitation with respect to building contractors is three years (MCL 600.5805[8], 600.5839[1]; MSA 27A.5805[8], 27A.5839[1]).

3. ACTIONS — NEGLIGENCE — PRODUCTS LIABILITY — DAMAGE TO IMPROVED REAL PROPERTY — ACCRUAL OF CAUSES OF ACTION.

A cause of action involving damage to improved real property resulting from defective workmanship, based on theories of products liability or negligence, accrues at the time a party either discovers or reasonably should have discovered such cause of action.

4. APPEAL — JURY INSTRUCTIONS — STANDARD OF REVIEW — COURT RULES.

The Court of Appeals should not consider any allegations of error by a trial court as to its instructions to a jury where the record reveals no requests for instructions, nor any objection to the instructions given, absent a showing of manifest injustice (GCR 1963, 516.2).

5. DAMAGES — NEGLIGENCE — MEASURE OF DAMAGES TO REAL PROPERTY.

The measure of damages to real property in an action for negligence is the difference between the market value of the property before and after an injury where the damage cannot be repaired; the cost of repair is the proper measure of damages where such damages can be repaired, and the cost is less than the value of the property prior to the injury.

*Koepke, Titus & Dill,* for plaintiff.

*Jerome E. Burns, P.C.* (by *Thomas D. Burkhart),* for defendants.

Before: M. F. CAVANAGH, P.J., and D. E. HOL-
BROOK, JR., and J. H. PIERCEY,* JJ.

PER CURIAM. Plaintiff, Colleen V. Bluemlein, d/
b/a Melcraft Marine, brought a civil action against
the defendants, d/b/a Szepanski Lumber and Szep-
anski Enterprises, charging negligence, breach of
implied warranty, and breach of contract. She
sought to recover damages caused by the collapse
of the roof on a building built by defendants. The
trial court dismissed the implied warranty and
contract claims prior to any proofs being offered,
and a subsequent jury trial resulted in a verdict of
$40,000 in favor of the plaintiff. Defendants appeal
as of right.

In October, 1967, defendants contracted to con-
struct a steel pole barn for the sum of $10,800 on
property being purchased by plaintiff and her
then-living husband in the city of Saginaw. The
building was to be a shell with a roof. Electricity
and permanent flooring were not included in the
contract.

The roof was supported by wooden trusses which
were constructed by the defendants' work crew.
An accident occurred during the construction pe-
riod in which two or three of the twenty-one
trusses built by the defendants fell from their
temporarily-installed position and broke. The bro-
ken trusses were repaired and put back up instead
of being replaced with new trusses.

The work was completed on the building in
December, 1967. The building was used in plain-
tiff's business for storage of new and used boats for

* Circuit judge, sitting on the Court of Appeals by assignment.

sale and for storage of customers' boats. Either late in the evening of January 29, 1976, or in the early morning hours of January 30, 1976, the pole barn collapsed. Building inspectors for the city of Saginaw were notified of the collapse, and they inspected the site on January 30, 1976.

An engineering firm was contacted by plaintiff, and their representatives visited the scene two days after the collapse. The collapsed building was examined by the engineers, snow accumulation was measured, photos were taken, and the truss system was examined. Plaintiff hired a construction company to remove the roof of the collapsed building and preserved the broken trusses for later examination.

Plaintiff filed suit on or about July 9, 1976, alleging negligence, breach of warranty, and breach of contract. Defendants answered, asserting several affirmative defenses.

Immediately preceding the selection of the jury, the attorney for the defendants orally argued for dismissal of portions of the plaintiff's complaint, claiming that plaintiff, Colleen V. Bluemlein, was not a proper party in interest. Defendants also argued that the statute of limitations on contracts had run. They did not argue that the statute of limitations had run on the claim of negligence. The trial court dismissed the portion of plaintiff's complaint pertaining to breach of contract and breach of warranty but denied the defendants' motion as to improper party in interest.

Testimony from several experts appearing on behalf of plaintiff was received at trial. The experts testified that the snow depth on the roof at the time of the collapse was approximately eight inches. Based on computations, the actual live load on the roof at the time of the collapse was 13

pounds per square foot. The universal code and the city code required this type of roof to withstand a live weight capacity of 30 pounds per square foot. Photographic exhibits of the roof trusses, chord members, and gusset plates were admitted at trial. Several experts stated that they could find no evidence that anything was suspended from or piled on the trusses when they viewed the scene of the collapse. A city building inspector, a consulting engineer, and a professor at Michigan State University, called as plaintiff's expert witnesses, all testified that the collapse was caused by inadequate bonding of various parts of the trusses. Their opinion was that the defendants improperly glued and nailed the component parts of the trusses.

No expert witnesses were called by the defendants. One of the carpenters who built the pole barn for the defendants was called as a witness. He testified that he and another carpenter built the trusses for this particular building. He gave no specific explanation for the collapse other than the possibility of some unseen defect in the wood. He acknowledged that the pole barn should not have collapsed in the period of time that elapsed after its completion. On cross-examination, the carpenter acknowledged that, during construction of the barn, four or five trusses fell down and broke and were patched and put back up on the building instead of being replaced.

Defendants assert that the trial court improperly declined to instruct the jury on comparative and contributory negligence. The propriety of a court's instructions on comparative and contributory negligence depends on whether the record reveals sufficient evidence to support such instructions. *Jaworski v Great Scott Supermarkets, Inc,*

403 Mich 689, 697-698; 272 NW2d 518 (1978). The court in the instant case found that from the facts in the case there was no evidence, even construed in the light most favorable to the defendant, which would establish negligence on the plaintiff's part. Several witnesses testified that nothing was suspended from the roof of the building. Witnesses who examined the roof shortly after the collapse testified that nothing had ever been suspended from the roof. In the absence of any evidence to demonstrate negligence on the plaintiff's part, the jury should not have been instructed on comparative and contributory negligence. The trial court acted properly in declining defendants' request for jury instructions on this point.

We next consider the claimed defense of the statute of limitations, even though this argument was not raised at the pretrial conference because of defense counsel's failure to attend the conference. We find that the trial court impliedly waived the pretrial conference because there was no subsequent pretrial held and the trial judge entertained arguments on this defense. *Reinhardt v Bennett,* 45 Mich App 18, 23; 205 NW2d 847 (1973), GCR 1963, 301.8.

This Court has held that MCL 600.5839(1); MSA 27A.5839(1), which limits action against licensed architects and professional engineers arising from a defective or unsafe condition of an improvement to real property to six years after the time of use, acceptance, or occupancy, does not extend to building contractors. *Oole v Oosting,* 82 Mich App 291, 296; 266 NW2d 795 (1978), *aff'd* 410 Mich 1 (1981). (In granting leave to appeal, the Supreme Court has limited its appeal to the constitutionality of the statute.) Therefore, the applicable statute of limitations for this action is MCL

600.5805(8); MSA 27A.5805(8), which states in pertinent part:

"(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

* * *

"(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property." (1978 PA 495; eff 12/13/78)

A cause of action accrues in a case involving property damage at the time the plaintiff either discovers or reasonably should have discovered his cause of action. *Southgate Community School Dist v West Side Construction Co,* 399 Mich 72, 82; 247 NW2d 884 (1976), *reh den* 400 Mich 951 (1977). *Southgate* involved a products liability action while the instant action is based on negligence. However, the reasoning of *Southgate* applies in this case because both actions involve claims of damages to improved real property, allegedly resulting from defective workmanship. Because this suit was brought within three years of the collapse of the pole barn, plaintiff's action was not barred by the statute of limitations.

Defendants argue that the trial judge erroneously instructed the jury that, in determining the amount of damages caused to the plaintiff, they should take into consideration the replacement costs of the building. Defendants contend that the measure of damages which should have been applied is the difference between the market values before and after the collapse, and that

plaintiff, therefore, attempted to prove an erroneous measure of damages and that the trial court compounded the error by giving an improper instruction. Plaintiff counters this argument by asserting that defendants did not request any specific instruction as to the measure of damages and did not object to the instruction given and so have not preserved the issue for appeal.

This Court has held, in accordance with GCR 1963, 516.2, that where the record shows no requests for instructions, nor an objection to the instructions which are given, this Court may not consider any error alleged as to instructions. *Obeginski v James,* 4 Mich App 90, 93; 143 NW2d 579 (1966). However, this Court may review an error regarding instructions in the absence of an objection to the court's instructions to the jury upon a showing of manifest injustice. *Earle v Colonial Theatre Co,* 82 Mich App 54, 57; 266 NW2d 466 (1978), *lv den* 403 Mich 816 (1978). We find that manifest injustice would result if this Court did not review this claim of error. The instruction of the trial court incorrectly stated the law, and the jury's verdict may have been based upon a misconception of the law. We will review this issue despite the failure of defendants to object to the instructions at trial.

In *Baranowski v Strating,* 72 Mich App 548, 562; 250 NW2d 744 (1976), *lv den* 399 Mich 881 (1977), the defendants built plaintiffs a house which later shifted due to settling of the ground and was damaged. Plaintiffs charged the defendants with negligence. In determining the proper measure of damages, this Court held:

"[I]t is generally recognized that damages for injury to real property are measured by one of two standards —diminution in value or reasonable cost of restoration

or repair. Dobbs, Remedies, § 5.1, pp 312-318. The rule followed in Michigan employs a combination of these two measures and is best stated in *Bayley Products, Inc v American Plastic Products Co,* 30 Mich App 590; 186 NW2d 813 (1971): the measure of damages to real property in a negligence suit where the damage cannot be repaired is the difference between the market value of the property before and after the injury; where the damage can be repaired and the cost of repair is less than the value of the property prior to the injury, cost of repair is the proper measure." (Footnote omitted.)

The instruction given by the trial judge in the present case was inconsistent with the standard set forth in *Baranowski.* This instruction would have allowed the plaintiff to recover an amount equal to what she would have received if the pole barn had been new when it was destroyed. The destroyed barn was eight years old and may not have been as valuable as a new one would have been. Plaintiff's attorney requested damages of $37,800.26. In doing so, he used the improper computation of damages for the loss of the building, and the trial court erroneously instructed the jury that plaintiff's method of calculating damages was correct when it was not. The jury returned a verdict for $40,000 based on the requested damages which utilized the improper computation. The trial court's improper instruction as to the computation of damages was not harmless error. Therefore, we reverse the verdict as to damages only and remand the action for a new trial which shall be restricted to the issue of damages. The standard of *Baranowski, supra,* shall be used to determine the correct measure of damages.

As to the defendants' final claim of error, the trial court's failure to instruct the jury on plaintiff's mitigation of damages, we find that the defen-

dants' counsel neither requested an instruction on mitigation of damages nor objected to the court's failure to give such an instruction. Therefore, this issue has not been preserved for appeal and there is no showing of manifest injustice which would result if this Court would not review this issue.

Reversed and remanded on the issue of damages only. No costs, neither party having fully prevailed.