# STATE OF MICHIGAN

# COURT OF APPEALS

JONES FAMILY TRUST,

        Plaintiff-Appellant/Cross-Appellee,

and

SYLVIA JONES and BOBBY JONES,

        Plaintiffs,

v

SAGINAW COUNTY LAND BANK
AUTHORITY,

        Defendant-Appellee,

and

CITY OF SAGINAW and HARDHAT DOE,

        Defendants,

and

ROHDE BROTHERS EXCAVATING, INC,

        Defendant-Appellee/Cross-
        Appellant.

UNPUBLISHED
April 20, 2017

No. 329442
Saginaw Circuit Court
LC No. 13-019698-NZ

Before: O'BRIEN, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff-Appellant/Cross-Appellee, the Jones Family Trust ("the Trust"), appeals as of right and Defendant-Appellee/Cross-Appellant, Rohde Brothers Excavating, Inc. ("Rohde Brothers"), cross-appeals as of right the trial court's September 22, 2015 order judgment. On appeal, the Trust challenges the trial court's September 29, 2014 opinion and order, which granted summary disposition in favor of Defendant-Appellee, the Saginaw County Land Bank Authority ("the SCLBA"), on the Trust's strict-liability and inverse-condemnation claims, and the trial court's August 31, 2015 opinion and order, which permitted the case to proceed with respect to negligence damages only and concluded that depreciation constituted an element of

-1-

damages that must be proved by plaintiff. On cross-appeal, Rohde Brothers challenges the trial court's September 29, 2014 opinion and order, which denied summary disposition in its favor on the Trust's breach-of-contract claim, and the trial court's August 31, 2015 opinion and order, which permitted the Trust to seek lost profits with respect to a purportedly unrelated property. We affirm.

This lawsuit arises out of damage to a house in Saginaw, Michigan, owned by the Trust, and occupied by plaintiffs, Bobby Jones and Sylvia Jones ("Mr. and Mrs. Jones"), during the demolition of a house on an abutting property. The SCLBA owned the demolished house, and the City of Saginaw ("the City") apparently contracted with Rohde Brothers for purposes of demolishing the property using what plaintiffs' complaint described as "funds provided by a federal grant to combat urban blight." The complaint alleged that, during the demolition, parts or all of the demolished home "f[e]ll or otherwise collapse[d] into and upon" the Trust's property, and that, as a result of the damage, Mr. and Mrs. Jones, as well as their minor children, "were forced to move to another house on 5th Avenue owned by [the] Trust." Consequently, Mr. Jones, Mrs. Jones, and the Trust filed this lawsuit against the SCLBA, the City, Rohde Brothers, and an anonymous Rohde Brothers' employee, but the City and anonymous employee were eventually dismissed from this case by stipulation. In the complaint, plaintiffs alleged seven counts: (1) strict liability against the SCLBA, (2) inverse condemnation pursuant to federal law against the SCLBA and the City, (3) inverse condemnation pursuant to state law against the SCLBA and the City, (4) trespass against Rohde Brothers, (5) breach of a third-party contract apparently against Rohde Brothers, (6) negligence against Rohde Brothers, and (7) trespass against Rohde Brothers and one of its employees. Shortly after the lawsuit was filed, the parties began exchanging motions for summary disposition with respect to each of the seven counts.

The trial court addressed the parties' motions for summary disposition in three separate orders. With respect to plaintiffs' motion for summary disposition on its strict-liability claim and the SCLBA's motion for summary disposition on plaintiffs' strict-liability and inverse-condemnation claims, the trial court granted the SCBLA's motion with respect to each claim. First, it concluded that summary disposition with respect to the strict-liability claim was appropriate because the claim was barred by governmental immunity. Second, it concluded that summary disposition with respect to the inverse-condemnation claims was appropriate because the SCLBA's actions did not constitute a taking. With respect to Rohde Brothers' motion for summary disposition on plaintiffs' trespass, contract, and negligence claims, the trial court denied Rohde Brothers' motion with respect to each claim except for the trespass claim. First, it concluded that governmental immunity did not extend to Rohde Brothers. Second, it concluded that Rohde Brothers was entitled to summary disposition with respect to plaintiffs' trespass claim as it related "to the demolition strike itself" but not with respect to plaintiffs' trespass claim as it related to "other acts of trespass, including alleged unauthorized presence of heavy equipment and worker entry." Third, it concluded that questions remained with respect to plaintiffs' negligence and contract claims. Rohde Brothers attempted to challenge this decision on appeal, but, eventually, its application for leave to appeal was denied. *Jones Family Trust v Saginaw County Land Bank Auth*, unpublished order of the Court of Appeals, entered on October 24, 2014 (Docket No. 324106); *Jones Family Trust v Saginaw County Land Bank Auth*, unpublished order of the Court of Appeals, entered on May 12, 2015 (Docket No. 324792).

After these orders were entered, the Trust and Rohde Brothers scheduled a trial date, and the proceedings continued accordingly. Rohdes Brothers filed a motion in limine shortly thereafter, seeking to exclude (1) "[a]ny argument, interrogation, evidence or testimony relating to the nature and/or cost of repairs, replacement and/or restoration for Plaintiffs' property at 339 S. 5th Avenue, Saginaw, Michigan and/or value of damage personal property therein," (2) "[a]ny argument, interrogation, evidence or testimony with respect to improvements made at 339 S. 5th Avenue, Saginaw, Michigan, during Plaintiffs' ownership," (3) "[a]ny argument, evidence or testimony relating to loss of income or profits with respect to Plaintiffs' rental property and/or inquiries about renting same," (4) "[a]ny argument, interrogation, evidence or testimony with respect to the City of Saginaw, Saginaw County Land Bank and/or Defendant Rohde Bros. having knowledge of the state of foundation and roof of the adjacent property prior to demolition," (5) "[a]ny argument, evidence or testimony relating to exemplary damages," (6) "[a]ny argument and/or theory for trespass claim with respect to damage allegedly caused by heavy equipment and/or hard hat doe being on Plaintiffs' property," (7) "[a]ny evidence, documentation, reports, bills and/or invoices with respect to increased utility costs at 339. S. 5th Avenue, Saginaw, Michigan after the subject demolition," and (8) "[a]ny evidence or testimony from Walter Martlew and/or Sam Hudson with respect to causation for the damage alleged in Plaintiffs' Amended Complaint as a result of demolition to neighboring property."

The trial court granted Rohde Brothers' motion in part. The trial court agreed with Rohde Brothers' arguments that "the appropriate measure of damages to the House in this case, regardless of the theory pled to support recovery of those damages, is the cost of repair only if the injury is reparable and the expense of repair is less than the market value of the property; otherwise, the measure of damages is the difference in the value of the property before and after the injury," "that the amount of money expended on perceived improvements does not necessarily translate to a dollar-for-dollar increase in the market value of the property," that the exclusion of "irrelevant argument, interrogation, evidence, or testimony with respect to the City of Saginaw and Saginaw County Land Banks's knowledge of the foundation and roof of the adjacent property that was demolished" was appropriate, that the "exclusion of any argument, evidence or testimony relating to exemplary damages" was appropriate, and "that the evidence of increased utility costs or bills cannot be considered by the trier-of-fact for the purpose of determining the amount of damages sustained by Plaintiffs." The trial court disagreed, however, with Rohde Brothers' arguments that evidence regarding damages to personal property was irrelevant, that evidence regarding the loss of rental income for an unrelated property was irrelevant, that any argument with respect to trespass damage was irrelevant, and that Martlew and Hudson could not be qualified as expert witnesses. Proceedings then continued toward trial.

Before trial commenced, however, the Trust and Rohde Brothers settled. The order of judgment, which was signed by both parties' counsel and the trial court, expressly "stipulated to dismissal with prejudice of Plaintiffs, Sylvia and Bobby Jones, as individuals, from this matter" and "to dismissal with prejudice of all claims against Defendant, Rohde Bros. Excavating, Inc., except for Plaintiff, Jones Family Trust's claim for breach of third party contract." The order provided that "the parties agreed to entry of a final judgment against Defendant, Rohde Bros. Excavating, Inc., in the stipulated amount of $20,000.00 for the breach of third party contract claim in favor of Plaintiff, Jones Family Trust." "As such," the order provided, "a judgment is hereby entered against Defendant, Rohde Bros. Excavating, Inc., in favor of Plaintiff, Jones

Family Trust, in the amount of $20,000.00 for the breach of third party contract claim." This appeal and cross-appeal followed.

On appeal, the Trust first argues that the trial court erred in granting summary disposition in the SCLBA's favor on its inverse-condemnation claims. We disagree.

A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material facts, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996). [*Id*. at 120.]

Constitutional issues are reviewed de novo as well. *Hinojosa v Dep't of Natural Resources*, 263 Mich App 537, 541; 688 NW2d 550 (2004).

> A taking for purposes of inverse condemnation means that governmental action has permanently deprived the property owner of any possession or use of the property. When such a taking occurs, the Michigan Constitution entitles the property owner to compensation for the value of the property taken. A plaintiff alleging inverse condemnation must prove a causal connection between the government's action and the alleged damages. For a taking occur, there must be some action by the government specifically directed toward the plaintiff's property that has the effect of limiting the use of property. In other words, the plaintiff must prove that the government's actions were a substantial cause of the decline of the value of the plaintiff's property and must establish that the government abused its legitimate powers in affirmative actions directly aimed at the plaintiff's property. In determining whether a taking occurred, the form, intensity, and deliberateness of the governmental actions toward the injured party's property must be examined. [*Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 294-295; 769 NW2d 234 (2009) (citations and internal quotation marks omitted).]

Thus, an inverse-condemnation claim requires the proof of two elements: (1) "that the government's actions were a substantial cause of the decline" of the property's value and (2) that "the government abused its legitimate powers in affirmative actions directly aimed at the plaintiff's property." *Id*. at 295.

As the trial court correctly recognized, nothing in the record supports a conclusion that the SCBLA performed "affirmative actions directly aimed at the plaintiff's property." *Marilyn Froling Revocable Living Trust*, 283 Mich App at 295. The Trust relies on *Peterman v Dep't of Natural Resources*, 446 Mich 177, 191; 521 NW2d 499 (1994), and *Estate Dev Co v Oakland*

*County Rd Comm'n*, unpublished opinion per curiam of the Court of Appeals, issued November 20, 2007 (Docket No. 273383), to supports its position, but the differences between the facts of this case and those in *Peterman* and *Estate Dev Co* support this conclusion. In *Peterman*, 446 Mich at 180-181, the Department of Natural Resources constructed a boat-launch ramp and jetties approximately 30 feet away from the plaintiff's beachfront property. Eventually, the jetties caused "plaintiffs' beach [to] virtually disappear[.]" *Id*. at 181. While the Department of Natural Resources did not perform any affirmative actions directly to the plaintiffs' property, "it undoubtedly set into motion the destructive forces that caused the erosion and eventual destruction of the property," this Court explained. *Id*. at 191. Similarly, in *Estate Dev Co*, unpub op at 4, the Oakland County Road Commission performed "construction activities [that] set into motion the forces that caused the flooding of plaintiff's property." This Court, recognizing that *Peterman* controlled, concluded that there was sufficient evidence "that defendant engaged in affirmative acts in the exercise of its road construction activities that, while not directly invading plaintiff's land, set into motion the destructive forces that caused the flooding to plaintiff's property." *Id*. In both of those cases, the government actor's deliberate act, i.e., installing jetties or performing construction, led to the unintended consequence of property damage after the deliberate act was completed. In this case, however, even if we assume that the SCLBA set the actions at issue into motion as the Trust contends, we nevertheless conclude that the government actor's deliberate act, i.e., demolishing the home, did not lead to any unintended consequences after the deliberate act was completed. Rather, an allegedly negligent act committed by the government actor, *during* the demolition, led to the damage. It is this distinction that prevents the application of *Peterman* and *Estate Dev Co* in the case at bar. Had, for example, the demolition of the home caused erosion to the Trust's property in the months after the demolition, *Peterman* and *Estate Dev Co* would arguably be controlling. Under the facts and circumstances of this case, however, they are not. Therefore, the trial court correctly determined that summary disposition was appropriate in this regard.

On appeal, the Trust also argues that the trial court erred by limiting damages according to our Supreme Court's decision in *Price v High Pointe Oil Co, Inc*, 493 Mich 238; 828 NW2d 660 (2013). We disagree.

Questions of law are reviewed de novo. *US Fidelity & Guar Co v Citizens Ins Co*, 241 Mich App 83, 85; 613 NW2d 740 (2000). A trial court's decision on a motion in limine is reviewed for an abuse of discretion. *Bellevue Ventures, Inc v Morang-Kelly Inv, Inc*, 302 Mich App 59, 63; 836 NW2d 898 (2013). In *Price*, 493 Mich at 244, this Court explained the *O'Donnell* limitation as follows:

> The common-law rule with respect to the damages recoverable in an action alleging the negligent destruction of property was set forth in *O'Donnell v Oliver Iron Mining Co*, 262 Mich 470; 247 NW 720 (1933). *O'Donnell* provides:
>
> > "If injury to property caused by negligence is permanent or irreparable, [the] measure of damages is [the] difference in its market value before and after said injury, but if [the] injury is reparable, and [the] expense of making repairs is less than [the] value of the [the] property, [the] measure of damages is [the] cost of making repairs." [*Tillson v Consumers Power Co*, 269 Mich 53,

65; 256 NW 801 (1934), quoting *O'Donnell*, 262 Mich at 471 (syllabus).]

The Trust claims that this standard, a tort standard, does not apply; rather, it claims that the Trust is entitled to be placed in as good as a position as it would have been had the contract not been breached, a contract standard. The Trust may be theoretically correct in this regard, see *Kokkonen v Wausau Homes, Inc*, 94 Mich App 603, 612; 289 NW2d 382 (1980), but, in our view, that conclusion is largely irrelevant. "It is well settled that the appropriate measure of damages for breach of contract . . . is that which would place the injured party in as good a position as it would have been in had the promised performance been rendered." *Jim-Bob, Inc v Mehling*, 178 Mich App 71, 98; 443 NW2d 451 (1989); see also *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 426 n 3; 751 NW2d 8 (2008). What makes this analysis difficult is the fact that the Trust has consistently sought damages that appear to be in excess of this standard—the Trust contends that it is entitled to be put in a better position than it was before the alleged damage occurred. We cannot find any authority to support such a position. Ultimately, the contract at issue seemingly imposed a duty analogous to the common-law duty to act with care, and there is nothing in the record before this Court to support the Trust's position that the parties, by contracting that Rohde Brothers would "take care," intended to impose a higher contractual duty than that afforded by common law. *Lawrrence v Will Darrah & Assoc, Inc*, 445 Mich 1, 7; 516 NW2d 43 (1994) (providing that the contracting parties' intent controls what damages are recoverable). Accordingly, while the Trust's argument might be theoretically correct, we are nevertheless unable to find any error with respect to the trial court's decision.

The Trust also argues on appeal that the trial court erred in determining that depreciation constituted an element of damages to be proved by a plaintiff instead of an affirmative defense to be proved by a defendant. Specifically, the Trust argues "that the value of the damages is replacement costs because replacement would require meeting all modern building codes (and losing all existing non-conforming uses)." We disagree.

Stated simply, we are unable to find any authority to support the Trust's ultimate position. As the Trust acknowledges on appeal, the trial court relied on this Court's opinion in *Strzelecki v Blaser's Lakeside Industries of Rice Lake, Inc*, 133 Mich App 191, 194-195; 348 NW2d 311 (1984), where we stated as follows with respect to depreciation:

> Clearly replacement cost alone, without any deduction for depreciation, is not sufficient evidence of market value at the time of the loss. See *State Highway Comm'r v Predmore*, 341 Mich 639, 642; 68 NW2d 130 (1955); *Bluemlein v Szepanski*, 101 Mich App 184, 192; 300 NW2d 493 (1980), lv den 411 Mich 995 (1981). If replacement cost without depreciation was allowed, the plaintiff would recover an amount as if the property were new at the time it was destroyed. *Bluemlein, supra*.

The same would be true here. While the Trust correctly points out that the *Strzelecki* decision is not binding, MCR 7.215(J)(1), its reasons for disagreeing are not persuasive.

On appeal, the Trust mentions three cases in support of its position: *Rasheed v Chrysler Corp*, 445 Mich 109; 517 NW2d 19 (1994), *McManamon v Redford Charter Twp*, 273 Mich App

131; 730 NW2d 757 (2006), *Dep't of Transp v VanElslander*, 460 Mich 127; 594 NW2d 841 (1999). However, none of these cases actually support the Trust's position. *Rasheed*, 445 Mich at 132, involved the mitigation of damages, but depreciation of property *prior to* the damage at issue has nothing to do with the mitigation of damage. *McManamon*, 273 Mich App at 141, stands for the proposition that damages are generally an issue of fact, but that does not address whether a plaintiff can ignore the condition of its property prior to the damage at issue. *Dep't of Transp*, 460 Mich at 129, explains that damages are intended to put the plaintiff in as good of a position as it would have been had the damage not occurred, which supports Rohde Brothers', not the Trust's, position here. In short, the Trust seeks to be put in a position that is better than its position before the alleged damage, and Michigan law has clearly and consistently rejected that position. See, e.g., *Ferguson v Pioneer State Mut Ins Co*, 273 Mich App 47, 54; 731 NW2d 47 (2006) (citation and internal quotation marks omitted) ("The proper measure of damages for a breach of contract is the pecuniary value of the benefits the aggrieved party would have received if the contract had not been breached."). Therefore, we conclude that depreciation constitutes part of what a plaintiff must demonstrate in proving his or her damages with reasonable certainty, not something that a defendant must prove as an affirmative defense. *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003).

On cross-appeal, Rohde Brothers challenges the trial court's decisions on its motion for summary disposition and its motion in limine. However, "this Court has jurisdiction only over appeals filed by an aggrieved party." *Reddam v Consumer Mortgage Corp*, 182 Mich App 754, 757; 452 NW2d 908 (1990) (citation and internal quotation marks omitted), overruled in part on other grounds by *Cam Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 557; 640 NW2d 256 (2002); see also MCR 7.203(A)(1)(a). Here, because Rohde Brothers stipulated to the order of judgment without expressly reserving its right to challenge certain decisions made by the trial court on appeal, Rohde Brothers is not an aggrieved party. See *Dora v Lesinski*, 351 Mich 579, 582; 88 NW2d 592 (1958) ("It is elementary that one cannot appeal from a consent judgment, order[,] or decree[.]"). We therefore believe that Rohde Brothers' arguments on cross-appeal could be rejected for that reason alone.

In any event, Rohde Brothers' first argument on cross-appeal challenges the trial court's denial of its motion for summary disposition on the Trust's breach-of-contract claim. Specifically, Rohde Brothers claims that summary disposition with respect to this claim was appropriate because the Trust was not an intended third-party beneficiary. We disagree.

Again, "[t]his Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden*, 461 Mich at 118.

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material facts, the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10), (G)(4). *Quinto v Cross & Peters Co*, 451 Mich 358; 547 NW2d 314 (1996). [*Id*. at 120.]

"[Q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo. In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

MCL 600.1405 controls when determining whether a party is a third-party beneficiary to a contract, and it provides that only intended, not incidental, third-party beneficiaries may sue for a breach of a contractual promise in their favor. *Brunsell v Zeeland*, 467 Mich 293, 296; 651 NW2d 388 (2002). To be a third-party beneficiary to a contract, the contract must establish that the promisor has undertaken a promise directly to or for that third party. *Schmalfeldt v North Pointe Ins Co*, 469 Mich 422, 428; 670 NW2d 651 (2003). Ultimately, the dispositive question is "whether the promisor undertook to give or to do or to refrain from doing something directly to or for the person claiming third-party beneficiary status[.]" *Id.* (citations and internal quotation marks omitted). "Similarly, consistent with our specific rule (subsection 1405[2][b]), this Court has adopted the persuasive rule that a third-party beneficiary may be one of a class of persons, *if the class is sufficiently described or designated.*" *Koenig v South Haven*, 460 Mich 667, 680; 597 NW2d 99 (1999) (citation and internal quotation marks omitted; emphasis in original).

In this case, it is undisputed that the contract between the City and Rohde Brothers provided, in pertinent part, as follows: "The contractor shall take care to protect abutting properties . . . ." "Abutting properties," or more precisely the owners of abutting properties, represent a sufficiently described class of beneficiaries so as to confer third-party status upon those owners. *Brunsell*, 467 Mich at 296-298; *Koenig*, 460 Mich at 679-680. Therefore, because the City and Rohde Brothers expressly contracted to "take care to protect abutting properties," we conclude that a question of fact remained as to whether the Trust, as an owner of an abutting property, was an intended third-party beneficiary. MCL 600.1405.

Rohde Brothers also argues that summary disposition was appropriate because the Trust could not prove causation or damages. However, causation-in-fact and damages are both elements that generally present questions of fact to be decided by a trier of fact, not an appellate court. *Winkler v Carey*, 474 Mich 1118; 712 NW2d 451 (2006), relying on "the reasons stated in" *Winkler v Carey*, unpublished opinion of the Court of Appeals, issued December 1, 2005 (Docket No. 255193), p 3 (O'CONNELL, J., dissenting); *McManamon*, 273 Mich App at 141. The determination as to whether Rohde Brothers failed to "take care to protect abutting properties" and whether its failure, assuming one, to do so resulted in damages are simply not issues that can be decided as a matter of law on appeal. Therefore, because causation-in-fact and damages present questions that should have been presented to a factfinder if disputed, this Court declines to, for the first time, address these factual disputes.

Rohde Brothers also argues on cross-appeal that the trial court erred in denying its motion in limine to preclude evidence with respect to any lost profits sustained by the Trust as a result of Mr. and Mrs. Jones' decision to move into the Trust's rental property while the damaged home was being repaired. We disagree.

A trial court's decision on a motion in limine is reviewed for an abuse of discretion. *Bellevue Ventures, Inc*, 302 Mich App at 63. "Under the rule of *Hadley v Baxendale*, 9 Exch

341; 156 Eng Rep 145 (1854), the damages recoverable for breach of contract are those that arise naturally from the breach or those that were in the contemplation of the parties at the time the contract was made." *Kewin v Mass Mut Life Ins Co*, 409 Mich 401, 414-415; 295 NW2d 50 (1980). Thus, "a party who fails to perform its contractual obligations becomes liable for all foreseeable damages flowing from the breach." *Burnside v State Farm Fire & Cas Co*, 208 Mich App 422, 427-428; 528 NW2d 749 (1995). "The party asserting a breach of contract has the burden of proving its damages with reasonable certainty, and may recover only those damages that are the direct, natural, and proximate result of the breach." *Alan Custom Homes, Inc*, 256 Mich App at 512.

In this case, Rohde Brothers claims that the Trust's lost profits from a rental property that Mr. and Mrs. Jones decided to reside in while the damaged home was being repaired are too far removed to be recoverable. While, on its face, this argument appears logical, it overlooks the fact that the lost profits were a result of Mr. and Mrs. Jones choosing to reside in this rental property as opposed to, for example, renting a different home. In our view, nothing in the record supports the notion that the costs of residing elsewhere, whether those costs are in the form of rent for or lost profits from a rental property, were not foreseeable here. While it is plausible, for example, that Rohde Brothers could have persuaded a factfinder that the lost profits claimed or that Mr. and Mrs. Jones' decision to move from the damaged property were unreasonable, those factual determinations would have been appropriate for the factfinder, not this Court, to make. Therefore, we conclude that the trial court properly denied Rohde Brothers' motion in limine in this regard.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens