# STATE OF MICHIGAN

# COURT OF APPEALS

RASHAD ALMASHRAQI,

        Plaintiff-Appellee,

and

HEALTHCARE IMAGING PARTNERS, LLC,
doing business as MRI CENTER OF MICHIGAN,

        Intervening Plaintiff-Appellee,

and

SPINE SPECIALISTS OF MI, PC,

        Intervening Plaintiff,

v

AUTO CLUB GROUP INSURANCE
COMPANY,

        Defendant-Appellant,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,

        Defendant-Appellee.

UNPUBLISHED
July 19, 2016

No.  326672
Wayne Circuit Court
LC No.  13-007460-NF

RASHAD ALMASHRAQI,

        Plaintiff-Appellee,

and

HEALTHCARE IMAGING PARTNERS, LLC,
doing business as MRI CENTER OF MICHIGAN,

-1-

                    Intervening Plaintiff-Appellee,

and

SPINE SPECIALISTS OF MICHIGAN, PC,

                    Intervening Plaintiff,

v                                                                No.  328075
                                                                 Wayne Circuit Court
AUTO CLUB GROUP INSURANCE                                        LC No.  13-007460-NF
COMPANY,

                    Defendant/Cross-Plaintiff-
                    Appellant,

and

CITIZENS INSURANCE COMPANY OF
AMERICA,

                    Defendant/Cross-Defendant-
                    Appellee.

Before:  WILDER, P.J., and MURPHY and O'CONNELL, JJ.

PER CURIAM.

       This case involves the payment priority of personal injury and protection benefits (PIP benefits) to plaintiff, Rashad Almashraqi, who was struck by a car as a pedestrian.  Appellant, Auto Club Group Insurance Company (Auto Club) appeals as of right the trial court's orders granting summary disposition in favor of appellees, Citizens Insurance Company of America (Citizens)[1], Healthcare Imaging Partners, LLC, and Rashad.  We affirm.

## I.  FACTUAL BACKGROUND

       Rashad moved from Michigan to Alabama in 2010.  He moved back to Michigan in May 2012 because he and his wife both have family in Michigan.  Rashad intended to move into the

_____

[1] Citizens is the assigned claims servicing insurer of last resort under MCL 500.3172.

house of his brother, Abdul Karim Almashraqi,[2] and he switched his social security and other information to Abdul Karim's address.

Before the move, Abdul Karim found a possible house for Rashad's family to rent and paid a one month rent/deposit on it, but after the family moved, Rashad's wife inspected the rental house and "didn't like it." Instead, Rashad testified that he lived at Abdul Karim's house and intended to live with his brother until he found another house:

> At the time I did not have a very clear vision of where I was going to end up because I was thinking while I was in my brother's house whether I going to purchase a house, I going to rent another house. It wasn't clear. All I knew, in the meantime I'm living with my brother.

During the day, Rashad and his wife were at Abdul Karim's house, but Rashad's wife slept at the rental house because conditions in Abdul Karim's house were too crowded because the families had a combined total of nine children. Rashad kept his daily necessities at Abdul Karim's house and put the rest of his belongings into storage at the rental house. Rashad testified that at Abdul Karim's house, all the children slept together in the living room, Rashad slept in one bedroom, and Abdul Karim slept in another bedroom.

Rashad was struck by an automobile on June 14, 2012, when he was trying to help a cousin whose car had broken down. Rashad's vehicle was registered in Alabama, but Abdul Karim's automobile insurance policy through Auto Club provided coverage to resident relatives. After Rashad filed a complaint for PIP benefits, Citizens moved for summary disposition, asserting that Auto Club was a higher priority payer because Rashad lived with Abdul Karim. Auto Club contended that Rashad was not domiciled with Abdul Karim because he did not intend to stay in the home indefinitely, and Auto Club also argued that Rashad resided at the rental house. The trial court ultimately determined that Rashad was domiciled with Abdul Karim.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."

"A domicile determination is generally a question of fact; however, where the underlying material facts are not in dispute, the determination of domicile is a question of law for the circuit court." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 490; 835 NW2d 363 (2013) (quotation marks and citations omitted). In this case, the underlying facts are not in dispute because both parties rely on Rashad's deposition testimony to establish his domicile. The trial

---

[2] Abdul Karim's name is spelled in various ways in lower court documents.

court determined this issue as a matter of law.  This Court reviews de novo questions of law.  *US Fid & Guar Co v Citizens Ins Co*, 241 Mich App 83, 85; 613 NW2d 740 (2000).

## III.  APPLICATION

Auto Club contends that the trial court improperly determined that Rashad was domiciled with Abdul Karim at the time of the accident either because (1) he lived in the rental house or (2) he did not intend to "permanently" live with Abdul Karim because he intended to move to another residence.  We disagree.

"Under Michigan's no-fault automobile insurance scheme, the insurance carrier that insures 'the person named in the policy, the person's spouse, and a relative of either domiciled in the same household,' is the carrier first in priority for the payment of PIP benefits arising out of a motor vehicle accident."  *US Fid & Guar Co*, 241 Mich App at 85, quoting MCL 500.3114(1). A person's domicile is "the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Grange Ins Co*, 494 Mich at 493 (quotation marks and citations omitted).  It is "that place where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinitely or unlimited length of time."  *Id*.  Every person must have a domicile somewhere, but no one can have more than one domicile at a given time.  *Id*. at 493-494.

"If the intention of permanently residing in a place exists, a residence in pursuance of that intention, however short, will establish a domicile."  *Id*. at 495.  When determining a person's domicile, courts consider multiple factors, including:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises, (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. . . . [*Id*. at 497, quoting *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477, 495-496; 274 NW2d 373 (1979).]

First, Auto Club contends that Rashad lived at the rental house.  The deposition testimony does not support Auto Club's argument.

Rashad testified that he slept at Abdul Karim's house and stored his daily necessities there.  Rashad changed his mailing address to Abdul Karim's house.  While Rashad's wife stayed at the rental house to sleep, there was no evidence that Rashad also slept at that house.  To the contrary, Rashad testified that he slept in a bedroom at Abdul Karim's house.  Finally, while Auto Club contends that Rashad moved into the rental house with his wife, Rashad testified that he moved into that house for two weeks because he was using a walker *after his accident*.  There is no evidence that, at the time of the accident, Rashad was living in the rental house.

Second, Auto Club contends that Rashad did not have a domicile with Abdul Karim because he did not intend to reside there permanently but was instead looking for another home. However, *Workman* provides that a domicile is a place where a person intends to reside "*either* permanently *or* for an indefinite or unlimited length of time . . . ." *Workman*, 404 Mich at 495 (emphasis added).

According to Rashad, when he moved from Alabama to Michigan, he intended to stay either at the rental house or with Abdul Karim. Rashad's wife found the rental house unsuitable, so Rashad then intended to stay with Abdul Karim indefinitely until he could secure another residence.

Rashad must have a domicile somewhere. See *Grange Ins Co*, 494 Mich at 493-494. Rashad was not domiciled in Alabama, and he did not live or intend to live in the rental house. Applying the *Workman* factors in their entirety, Rashad intended to live at Abdul Karim's house for an indefinite length of time while he was searching for another residence. He had a formal relationship with his brother. And Rashad did not have another place of lodging—he had left Alabama and he was not, in fact, living in the rental house. We conclude that the trial court did not err when it determined that Rashad was domiciled with Abdul Karim.[3]

We affirm.

/s/ Kurtis T. Wilder
/s/ William B. Murphy
/s/ Peter D. O'Connell

---

[3] Because of our resolution of this issue, we need not determine whether Auto Club's cross-claim—which is contingent on Rashad having a different domicile—relates back to the filing of Rashad's complaint.